In re LIPSHITZ.

(Circuit Court, E. D. Pennsylvania. November 16, 1899.)

NATURALIZATION—VOUCHERS.
An applicant for naturalization should produce a voucher other than one who habitually, and for compensation, appears as such.

DALLAS, Circuit Judge. An applicant for naturalization is a suitor who by his petition institutes a proceeding for the purpose of having the right which he claims judicially determined. The burden is upon him to satisfy the court of the existence of the facts which he necessarily alleges. He must furnish the requisite proof, or he establishes no right. In re Bodek, 63 Fed. 813. The law requires that some of the essential facts shall be made to appear to the satisfaction of the court by evidence other than the testimony of the applicant himself, and, to meet this requirement, a single witness is usually produced, who is commonly called a "voucher." The person who has presented himself in this capacity in the present instance has within the last six months borne the same relation to nine cases in this court, and seven in the district court for this district. It appears from his own statement, made in answer to questions put to him by the court, that he has been in the habit of making a charge for appearing and giving his testimony, and that in this case he either has been or is to be compensated. He has said that he has not permitted his testimony to be influenced by any reward or hope of reward, and it is not assumed that it has been; but it is obvious, I think, that a very vicious practice would seem to be sanctioned, if the court should in such cases accept without scrutiny the testimony of any man who habitually and for compensation appears as a voucher. These applications are generally disposed of immediately upon their presentation and investigation, and ordinarily no adequate inquiry into the motives and character of witnesses can be made. Therefore every applicant, except where some peculiar exigency may demand a departure from the rule,

must and will be required to produce a voucher of whose freedom from bias and improper influence there can be no reasonable question.

In this connection I deem it proper to refer to the standing rule of this court which provides that "the papers must be presented and the proceedings conducted by the applicant in person, or by an attorney admitted to the bar of this court." It is of especial importance that these applicants shall be represented only by those whose professional duty and responsibility give assurance of all due fidelity as well to the court as to the client.

The petition of Charles Lipshitz is retained, with leave to the petitioner to renew his application upon producing in its support an acceptable voucher.